# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVE REINHARDT, | CASE NO. 1:11-cv-01015-OWW-SKO |
|          Plaintiff, | **ORDER DISMISSING COMPLAINT WITH PREJUDICE** |
| v. | |
| DENNIS L. BECK, et al., | (Docket No. 1) |
|          Defendants. | |

## I.  INTRODUCTION

On June 17, 2011, Plaintiff Dave Reinhardt filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).  In his complaint, Plaintiff names United States District Judge Lawrence J. O'Neill, United States Magistrate Judge Dennis L. Beck, and the United States District Court, Eastern District of California as defendants.  Plaintiff asserts that Judges O'Neill and Beck abused their discretion in decisions the Court issued in Plaintiff's habeas corpus proceeding (1:08-cv-00329-LJO-DLB HC), thereby violating Plaintiff's due process rights under the Fourteenth and Fifth Amendments.

## II.  DISCUSSION

To state a claim for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities

secured the [United States] Constitution and laws" by a "person" acting "under color of state law." 42 U.S.C. § 1983.

Federal government actors, such as federal judges, are not acting under the color of *state law*, and a Section 1983 suit is not viable against them. *Morse v. N. Coast Opportunities, Inc.*, 118 F.3d 1338, 1343 (9th Cir. 1997) (finding the plaintiff's complaint "invalid on its face in its reliance upon Section 1983 as a cause of action against alleged federal government actors"). Moreover, the United States District Court is not a "person" and is not a proper defendant under Section 1983. Plaintiff does not state a cognizable claim pursuant to 42 U.S.C. § 1983.

A plaintiff alleging a constitutional violation by a federal actor has a right of action under *Bivens*, 403 U.S. at 397. Pursuant to *Bivens*, a plaintiff may sue a federal officer in his or her individual capacity for damages for violation of the plaintiff's constitutional rights. *See id*. To the extent Plaintiff is attempting to state a claim under *Bivens*, all claims for damages against judges in their individual capacities are barred by the doctrine of judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). Therefore, Plaintiff does not state a cognizable *Bivens* claim against District Judge O'Neill or Magistrate Judge Beck. As to the defendant "United States District Court, Eastern District of California" no *Bivens* action lies against it. *See generally FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (*Bivens* claim is an action against individual federal actors and is not available against a federal agency). For these reasons, Plaintiff cannot state a cognizable *Bivens* claim against the Defendants named; any attempt to amend would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (where pleadings cannot possibly be cured by the allegation of other facts, amendment is futile, and the claim may be dismissed with prejudice).

### III.  CONCLUSION

Accordingly, Plaintiff's complaint is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to administratively close this action.                    IT IS SO ORDERED.

Dated:   **June 24, 2011**                    **/s/ Oliver W. Wanger**
                              UNITED STATES DISTRICT JUDGE