# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVE REINHARDT, | CASE NO. 1:11-cv-01015-OWW-SKO |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |
| v. | |
| DENNIS L. BECK, et al., | (Docket No. 4) |
| Defendants. | |

## I. INTRODUCTION

On June 17, 2011, Plaintiff Dave Reinhardt filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). In his complaint, Plaintiff named United States District Judge Lawrence J. O'Neill, United States Magistrate Judge Dennis L. Beck, and the United States District Court, Eastern District of California as defendants. Plaintiff asserted that Judges O'Neill and Beck abused their discretion in decisions the Court issued in Plaintiff's habeas corpus proceeding entitled *Reinhardt v. Feller*, 1:08-cv-00329-LJO-DLB (HC), thereby violating Plaintiff's due process rights under the Fourteenth and Fifth Amendments.

On June 27, 2011, Plaintiff's complaint was dismissed with prejudice and without leave to amend. (Doc. 2.) On July 11, 2011, Plaintiff filed a motion for reconsideration asserting that the

Clerk of Court's office had returned various documents that Plaintiff asserts should have been filed and considered before the Court ruled on Plaintiff's complaint. These documents have since been filed in case number 1:08-cv-00329-LJO-DLB (HC). While many of these documents appear in the electronic case docket in *Reinhardt v. Feller*, 1:08-cv-00329-LJO-DLB (HC), some documents could not be scanned; the documents that could not be scanned have been filed in the case and are being maintained in paper.

## II.   DISCUSSION

**A.   Legal Standard**

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The Rule permits the district court to relieve a party from a final order or judgment on the grounds of "(1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time "and for reasons (1) . . . no more than a year after the entry of judgment or order or the date of the proceeding." *Id.*

Motions to reconsider are committed to the discretion of the trial court. *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). A basic principle of federal practice is that courts generally refuse to reopen decided matters. Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). A "party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *United States v. Westlands Water Dist.,* 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks omitted).

Reconsideration is appropriate if the court (1) is presented with newly discovered evidence, (2) has committed clear error or the initial decision was manifestly unjust, or (3) is presented with an intervening change in controlling law. *School Dist. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236 (1994). This Court's Local Rule 230(j)(3) requires a party seeking reconsideration of an order to set forth in its motion what new or different

facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion.

**B.     Analysis**

Plaintiff asserts that certain documents he submitted to the Court were not properly filed and, as a result, the Court was unable to consider these documents when screening Plaintiff's complaint. These documents were filed on June 27, 2011, in *Reinhardt v. Feller*, 1:08-cv-00329-LJO-DLB. While they were not filed in this action, the Court takes judicial notice that these documents were filed. *Asdar Group v. Pillsbury, Madison & Sutro*, 99 F.3d 289, 290 n.1 (9th Cir. 1996) (court may take judicial notice of the pleadings and court orders in earlier related proceeding). The Court notes, however, that it does not take judicial notice of the veracity of any arguments or facts presented in these documents. *See, e.g., Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (a court may take judicial notice of another court's opinion, but not of the truth of the facts recited therein); *Cactus Corner, LLC v. U.S. Dep't of Agriculture*, 346 F. Supp. 2d 1075, 1100 (E.D. Cal. 2004) ("While the court may take judicial notice of the fact of filing or existence and the general meaning of words, phrases, and legal expressions documents are judicially noticeable only for the purpose of determining what statements have been made, not to prove the truth of the contents.").

As discussed in the Court's June 27, 2011, order dismissing Plaintiff's complaint, federal government actors, such as federal judges, are not acting under the color of *state law*, and a Section 1983 suit is not viable against them. *Morse v. N. Coast Opportunities, Inc.*, 118 F.3d 1338, 1343 (9th Cir. 1997) (finding the plaintiff's complaint "invalid on its face in its reliance upon Section 1983 as a cause of action against alleged federal government actors"). Moreover, the United States District Court is not a "person" and is not a proper defendant under Section 1983. Plaintiff's complaint does not state a cognizable claim pursuant to 42 U.S.C. § 1983.

A plaintiff alleging a constitutional violation by a federal actor has a right of action under *Bivens*, 403 U.S. at 397. Pursuant to *Bivens*, a plaintiff may sue a federal officer in his or her individual capacity for damages for violation of the plaintiff's constitutional rights. *See id*. To the extent Plaintiff's complaint attempted to state a claim under *Bivens*, all claims for damages against judges in their individual capacities are barred by the doctrine of judicial immunity. *See Stump v.*

*Sparkman*, 435 U.S. 349, 355-56 (1978). Therefore, Plaintiff did not state a cognizable *Bivens* claim against District Judge O'Neill or Magistrate Judge Beck. As to the defendant "United States District Court, Eastern District of California" no *Bivens* action lies against it. *See generally FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (*Bivens* claim is an action against individual federal actors and is not available against a federal agency). For these reasons, Plaintiff cannot state a cognizable *Bivens* claim against the Defendants.

Upon review of the documents Plaintiff recently filed in case number 1:08-cv-00329-LJO-DLB (HC), there is nothing contained in those papers that changes the analysis set forth above, nor do these papers indicate a mistake or an error in the Court's original decision to dismiss this complaint. Judge O'Neill, Judge Beck, and the U.S. District Court are not amenable to suit under Section 1983 or pursuant to *Bivens*. Plaintiff has not met his burden to support a motion for reconsideration.

### III.  CONCLUSION

Accordingly, Plaintiff's Motion for Reconsideration is DENIED. Petitioner is further advised that this case is terminated and additional filings in this case will be STRICKEN without any consideration by this Court.          IT IS SO ORDERED.

**Dated:   July 14, 2011**                                    **/s/ Oliver W. Wanger**
                                                                                       UNITED STATES DISTRICT JUDGE